**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>William A. Parks</u>

    v.                                      Civil No. 10-cv-143-PB

<u>Town of Hampton Falls, et al.</u>

**O R D E R**

Before the Court are two motions for consideration. For the reasons set forth below, both motions are denied.

I.   <u>Motion to Disqualify Judge Paul Barbadoro (document no. 4)</u>

William Parks seeks to disqualify the assigned Judge in this matter from hearing this case. Parks alleges that Judge Barbadoro is biased against him and unable to guarantee him a fair hearing of his concerns. Parks's allegations stem from Judge Barbadoro's dismissal of Parks's 2005 civil rights complaint. See <u>Parks v. Tatarinowic et al.</u>, Civ. No. 04-cv-445-PB (Nov. 4, 2005) (Order granting summary judgment in defendants' favor on Parks's federal claims and remanding state law claims to Superior Court). Parks claims that in dismissing his case, wrongfully in Parks's opinion, Judge Barbadoro exhibited "his true, ultra-conservative, bourgeois, favoring 'the establishment,' reactionary, John Birch Society thinkings and colors with a profound, telling, yet adverse bias and prejudice towards the plaintiff, a political moderate, but

proletariat, pauper plaintiff." Parks's assertions indicate that Judge Barbadoro did no more than disagree with Parks as to the proper result in his case.

Judges must disqualify themselves where they have a bias or prejudice concerning a party in a case. See Liteky v. United States, 510 U.S. 540, 547 (1994) (citing 28 U.S.C. § 455). Judges need not be disqualified from hearing a case simply because they have previously heard and denied relief in cases involving the same party. See id. at 551 ("not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings"). Accordingly, the motion for disqualification is DENIED.

II. Motion for Limited Appointment of Counsel (document no. 5)

There is no absolute constitutional right to free legal representation in a civil case. See Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988). Rather, appointment of counsel in a civil case is left to the discretion of the court. See 28 U.S.C. § 1915(d); 42 U.S.C. § 3613(b). An indigent litigant must demonstrate that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law. See DesRosiers, 949 F.2d at 23; Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam). In the case at hand, Parks

has failed to establish the existence of such circumstances. Parks's motion for a court-appointed attorney is therefore DENIED.

    SO ORDERED.

                                                      _____
                                                  Landya B. McCafferty
                                                  United States Magistrate Judge

Date:    October 19, 2010

cc:     William A. Parks, pro se