UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


William A. Parks

   v.                                Civil No. 10-cv-143-PB

Town of Hampton Falls, et al.


**REPORT AND RECOMMENDATION**

    Before the Court is a complaint filed by William A. Parks alleging that defendants have violated his rights accruing under the federal constitution and state law.  Because Parks is proceeding pro se and in forma pauperis, the matter is before me to determine whether or not it states any claim upon which relief might be granted.  See 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

Standard of Review

    Under this Court's local rules, when a person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions,

labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

William Parks is a resident of Connecticut. In 2003, when he lived in New Hampshire, the Hampton Falls Police Department ("HFPD") arrested Parks on criminal charges that he claims are false. Incident to that arrest, the HFPD obtained permission from the Hampton District Court to seize a 1978 Ford LTD vehicle from Parks. Parks alleges that, contrary to what the police asserted in the Hampton District Court to obtain the seizure of the car, the car had nothing to do with the crime with which he was charged.[1]

---

[1] In this action, Parks has not explained the circumstances of his 2003 arrest and conviction. In 2004, Parks filed an action in this court, Parks v. Tatarinowicz, Civ. No. 04-cv-445-PB, in which he described a 2003 arrest by the HFPD for falsely impersonating a police officer. The record in that case makes clear that the police at that time believed that Parks was utilizing his 1978 Ford LTD, in which they found red and blue police lights, to impersonate a police officer. Parks pleaded guilty to impersonating a police officer for an incident of flashing a police badge at officers who were at his house. I presume that the series of events described in the 2004 matter before this Court are the events referred to here.

Parks claims that the HFPD, and specifically, Police Officers Robbie Dirsa and Marshall Bennett, conspired with one another and with others to deprive him of his car by attempting to force him into a coerced guilty plea to his 2003 criminal charges by offering him supposedly favorable plea terms if he would relinquish his rights to the 1978 Ford LTD.  The HFPD unsuccessfully attempted to purchase the 1978 Ford LTD from him for the sum of one dollar.  Parks asserts that the HFPD defendants were anxious to remove the car from Parks's possession because they felt "it portrays a law enforcement image."

Parks claims that for a number of years, the HFPD defendants concealed the 1978 Ford LTD from him and that he was thus unaware that they had seized it until several years later. Parks states that in 2004 the HFPD unsuccessfully attempted to have Parks charged criminally for trying to sell the 1978 Ford LTD.  Parks claims that, unbeknownst to him, the HFPD defendants had unlawful possession of the car at that time.

Parks states that he was unaware that the HFPD had taken or maintained possession of his car until 2008.  Parks claims that once he discovered the unlawful seizure and possession, he obtained a mandamus from the New Hampshire Supreme Court requiring that the 1978 Ford LTD be returned to him.  Parks

4

states that when the car was returned to him, it was in significantly worse condition than it had been in when it was first seized.  According to an estimate attached to Parks's complaint, restoring the car to its previous condition would cost $16,006.00.

Parks claims that he sought assistance in remedying the improper appropriation of his property by the Hampton Falls Police Department from various government officials.  He specifically requested help from the Rockingham County Sheriff's Department, the Office of the New Hampshire Attorney General, and the New Hampshire State Police, to no avail.  Parks asserts that those organizations, and specific officers within each of the organizations, acted in conspiracy with the Hampton Falls Police defendants to deprive him of his rights.

On April 6, 2006, the New Hampshire Supreme Court issued an order reversing Parks's 2004 probation violation for attempting to sell the 1978 Ford LTD on the grounds that the hearing on the probation violation had violated Parks's due process rights. <u>State v. Parks</u>, No. 2005-0175 (N.H. Sup. Ct. Apr. 6, 2006) (order reversing trial court's finding that Parks violated his probation and remanding to state court).  That court has no record of having issued any order or writ in any matter related to Parks since that time.

Discussion

I.  The Claims

Parks asserts the following claims in this matter:

1. The defendants have engaged in improper criminal activity and the failure to prosecute those crimes has violated Parks's rights;

2. The defendants have violated Parks's rights under state tort law by misappropriating and damaging his property;

3. The defendants have violated Parks's Fourth Amendment rights by improperly seizing his property; and

4. The defendants have violated Parks's Fourteenth Amendment rights by failing to afford him due process of law prior to seizing his property.[2]

II. Statute of Limitations

Congress did not provide a statute of limitations for § 1983 actions, so federal courts must borrow the personal injury limitations period and tolling provisions of the forum state.  See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 551 (1st Cir. 2005).  In New Hampshire, all personal actions, other

---

[2]Parks refers to this violation as a violation of his due process and equal protection rights.  The assertions however point only to a due process claim, not a claim that he has been denied equal protection of the laws by virtue of discrimination against him.

6

than slander and libel, are governed by N.H. Rev. Stat. Ann. ("RSA") 508:4(I), which provides a three-year limitations period. Parks alleges that his rights were violated by the actions of defendants taken between 2003, when his car was improperly seized from him, and 2008, when he claims the New Hampshire Supreme Court directed that the car be returned to him.

Although Parks claims that he had no knowledge that the defendants were in possession of his property until 2008, the facts asserted by Parks belie that claim. Parks states that he was aware of the seizure of the car in 2003. Parks further states that he was aware that the HFPD continued to possess his car, in his view unlawfully, in 2004 when he was prosecuted for trying to sell it. Finally, the New Hampshire Supreme Court, on April 6, 2006, issued an Order in which the Court iterated that according to Parks's probation violation report, the car was in the possession of the police pursuant to the Hampton District Court order. See State v. Parks, No. 2005-0175, *1 (N.H. Sup. Ct. Apr. 6, 2006). In that case, Parks was alleged to have violated his probation by attempting to regain possession of his car which Park was prohibited from recovering by court order. Id.

Accordingly, I cannot accept Parks's assertion that he was unaware that his car was being held by the HFPD until 2008.

7

Even if he was somehow unaware that the car remained in the possession of the police after 2008, he was aware that his car had been seized and was being held in a manner he felt was unlawful from 2003 through 2006.  The statute of limitations on any state law or § 1983 claim relating to the taking of that property expired, therefore, no later than 2009.  Accordingly, I recommend that Parks's state and federal claims alleging the misappropriation of his property, the violation of his Fourth Amendment rights, and the violation of his Fourteenth Amendment rights, be dismissed.

III. Criminal Charges

Parks claims that defendants have declined to investigate or prosecute the HFPD defendants for criminal wrongdoing.  There is no federal constitutional right to have criminal wrongdoers brought to justice, and there is no private right of action under § 1983 for the failure to prosecute a particular crime. See Leeke v. Timmerman, 454 U.S. 83, 87 (1982); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another")).  Parks cannot, therefore, maintain an action against the defendants for their failure to investigate or prosecute alleged criminal acts, and I recommend that these claims be dismissed.

IV. <u>State Law Claims</u>

Because Parks resides in Connecticut, he may bring state law claims in this Court against New Hampshire defendants by virtue of this Court's diversity jurisdiction. <u>See</u> 28 U.S.C. § 1332. The only state law claim that has not expired by virtue of the running of the limitations period is Parks's state law tort claim that when he received his car in 2008, it had been damaged.

Pursuant to 28 U.S.C. § 1332, the federal district courts have jurisdiction over actions based on state law where the parties are of diverse citizenship and the amount in controversy exceeds $75,000. As Parks lives in Connecticut and all of the named defendants are in New Hampshire, he has established diversity of citizenship of the parties. His claim, however, is for damages that amount to just over $16,000, well below the $75,000 required to invoke this Court's diversity jurisdiction. Accordingly, I recommend that this claim be dismissed for lack of subject matter jurisdiction.

<u>Conclusion</u>

For the foregoing reasons, I recommend that this action be dismissed. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time

waives the right to appeal the district court's order. See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  October 19, 2010

cc:  William A. Parks, pro se

LBM:jba